Phil Foster (SBN 262120)
**TOUR-SARKISSIAN LAW OFFICES, LLP**
211 Gough Street, 3rd Floor
San Francisco, CA  94102
(415) 626-7744
(415) 626-8189 facsimile
phil@tslo.com

Attorneys for Defendants
DENTAL SLEEP MASTERS, LLC;
INTERNATIONAL ACADEMY OF
SLEEP, LLC; AVI WEISFOGEL;
BARRY GLASSMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

| | |
|---|---|
| NICK NGUYEN, an individual, CALVIN YANG, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>DENTAL SLEEP MASTERS, LLC, a limited liability corporation; INTERNATIONAL ACADEMY OF SLEEP, LLC, a limited liability corporation; AVI WEISFOGEL, an individual, BARRY GLASSMAN, an individual, inclusive,<br><br>Defendants. | Case No. 8:17-cv-00732-DOC-DFM<br><br>**DECLARATION OF COUNSEL PHIL FOSTER IN RESPONSE TO ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ISSUE SANCTIONS**<br><br>Date:    September 17, 2018<br>          Monday<br>Time:    8:30 AM<br>Courtroom: 9D<br>Location:  Ronald Reagan Federal Bldg.<br>          411 West 4th Street, 9th FL<br>          Santa Ana, CA<br>Judge:   Hon. David O. Carter<br>Filed:   04-21-2017<br>Trial:    11-06-2018 |

I, Phil Foster, declare:

1.     I am an attorney licensed to practice in the courts of State of California and admitted to practice in the United States District Court, Eastern District of California.  I am an associate attorney with the Tour-Sarkissian Law Offices, LLP, the attorneys of record for Defendant DENTAL SLEEP MASTERS, LLC, Defendant INTERNATIONAL ACADEMY OF SLEEP, LLC, Defendant AVI WEISFOGEL, and Defendant BARRY GLASSMAN (collectively "Defendants").   I have personal knowledge of the matters set forth herein and could testify competently thereto if so called.

2.     I submit this declaration in response to the Court's Order To Show Cause In Writing Why The Court Should Not Issue Sanctions And Why Defendants Should Not Be Held In Civil Contempt For Failing To Comply With The Court's Order To Attend Mediation As Soon As Possible.

## RESPONSE TO OSC

3.     The facts stated below, and attachments hereto, show that Defendants complied with the Court's 6/11/2018 order to attend mediation "as soon as possible."

4.     The parties' selected mediator in this case was Keith Parker, Esq., of ADR Services, Inc.  Mr. Parker is referred to herein as the "mediator."

5.     On 5/22/2018 – prior to the Court's 6/11/2018 order – I contacted the mediator's case manager Megan Nomura by phone to obtain dates for a mediation.  Ms. Nomura responded by email on the same day advising, among other things, that the parties should seek permission from the Court to continue the mediation cutoff date before a mediation could be scheduled.  Attached hereto as **Exhibit "A"** is a true and correct copy of Ms. Nomura's email dated 5/22/2018.

6.     On 6/7/2018, Defendants filed an Ex Parte Application To Continue Trial

1    Date And Reopen Discovery (Dkt. 74).  Although not the principal grounds for seeking

2    a trial continuance, Defendants based the application in part on the fact that the parties

3    had not yet mediated the case and that Defendants desired to do so.

4         7.     In response to Defendants' application, the Court issued its 6/11/2018 order

5    that is the subject this OSC, which states in relevant part: "**the Court ORDERS the**

6    **parties—the attorneys and their clients—to attend mediation as soon as possible**."

7         8.     On 6/12/2018 – one day after the Court's 6/11/2018 order that the parties

8    attend mediation "as soon as possible" – I forwarded the Court's 6/11/2018 order to the

9    mediator's case manager Ms. Nomura and requested dates in both June and July on

10   which the parties' mediator was available.  Attached hereto as **Exhibit "B"** is a true and

11   correct copy of my email dated 6/12/2018.

12        9.     Also on 6/12/2018, I both telephoned and emailed Plaintiff's counsel to ask

13   for a time when we could discuss, among other things, scheduling mediation.  Attached

14   hereto as **Exhibit "C"** is a true and correct copy of my email dated 6/12/2018.

15        10.    The mediator's case manager Ms. Nomura replied to my email on the same

16   day.  A true and correct copy of Ms. Nomura's email is attached hereto as **Exhibit "D."**

17   Ms. Nomura advised that the mediator was available on the following dates:

18                    **June 21, 26, 27, 28**

19                    **July 5, 10, 11, 12, 18, 18, 25, 26, 31** [*sic*]

20        11.    With Plaintiffs responding that Plaintiffs were not available on any of the

21   dates except maybe July 18, the mediation was not set and instead took second seat to

22   deposition scheduling.

23        12.    On 6/25/2018, I followed up about mediation by leaving a voicemail with

24   the mediator's case manager Ms. Nomura requesting dates in August on which the

25   mediator was available.

13.     Given the amount of time that had passed, the mediator's case manager Ms. Nomura set up a conference between the mediator and the parties' counsel on 7/11/2018 to discuss dates for mediation.   No date was selected during that call given the number of scheduling conflicts that were unearthed (e.g., one of Plaintiffs had pre-arranged travel plans in July, one of the Defendants had pre-arranged travel plans from 8/7 to 8/15, and Plaintiffs' counsel had trials and an arbitration in August).   The mediator ended the conference call with instructions to counsel to exchange dates between themselves and report back to the mediator with an agreed-on date.

14.     On 7/14/2018, I sent an email to Plaintiffs' counsel with my availability for mediation in both August and September (my availability was fairly open).   Recalling that Plaintiffs' counsel had a busy schedule, I proposed that the parties also consider mediating on a Saturday (assuming the parties and mediator would agree).   A true and correct copy of my email dated 7/14/2018 is attached hereto as **Exhibit "E."**

15.     Receiving no response from Plaintiffs, I followed up a couple days later with another email to Plaintiffs' counsel on 7/16/2018, a true and correct copy of which is attached hereto as **Exhibit "F."**

16.     Plaintiffs responded to my email by stating they were not available to mediate in August, but were silent as to any date in September.   A true and correct copy of Plaintiffs' counsel's email dated 7/16/2018 is attached hereto as **Exhibit "G."**

17.     I replied to this email by pointing out that Defendants had proposed dates in both August ***and September*** and that even if Plaintiffs were not available in August, Plaintiffs should advise as to their availability ***in September***.   A true and correct copy of my email dated 7/16/2018 is attached hereto as **Exhibit "H."**

18.     On 7/17/2018, the mediation was set for three hours (2:00 PM to 5:00 PM) on 9/10/2018 at ADR Services, Inc. in Irvine, California (i.e., the mediator's services

were pro bono for the first three hours, although if the mediation continued longer than three hours, then the parties would incur the mediator's regular hourly rate).  Although I was not aware of it at the time the mediation was scheduled, 9/10 was the Jewish holiday Rosh Hashanah and both of my clients are Jewish.

19.    On 8/14/2018, I was informed that Defendant Barry Glassman (who is in his seventies) had been admitted to the hospital over the weekend for two emergency surgeries necessitated by an infection from a prior knee surgery.  Although I did not have the details about Dr. Glassman's current condition, I notified Plaintiffs' counsel by email on 8/14/2018 since the hospitalization prevented Dr. Glassman from appearing for his scheduled deposition the next week.  A true and correct copy of my email dated 8/14/2018 is attached hereto as **Exhibit "I."**

20.    On 8/27/2018, I received a letter from Dr. Glassman's orthopedic surgeon Dr. Paul Pollice explaining Dr. Glassman's condition, which I forwarded by email to Plaintiffs' counsel on the same date, with a request for a phone call to discuss the impact of Dr. Glassman's health condition on his deposition and the parties' mediation.  A true and correct copy of my email dated 8/27/2018 is attached hereto as **Exhibit "J."**

21.    On 8/29/2018, I emailed Plaintiffs' counsel about, among other things, moving the scheduled mediation to later in the month so that all parties could attend the mediation.  A true and correct copy of my email dated 8/29/2018 is attached hereto as **Exhibit "K."**

22.    On 8/30/2018, Plaintiffs responded that Plaintiffs did not agree to postpone mediation.  A true and correct copy of Plaintiffs' counsel's email dated 8/30/2018 is attached hereto as **Exhibit "L."**

23.    On 9/5/2018, I telephoned Plaintiff's counsel in the hopes that I could better explain why I believed postponing the mediation by even a couple of weeks

1  would be in the best interests of settling this case.

2      24.   As counsel and I discussed, my reasons for seeking a continuance of the
3  mediation included not only that Dr. Glassman was unable to travel (he continues to this
4  date to receive daily transfusions) and that 9/10 was Rosh Hashanah (which I mistakenly
5  referred to during the call as Yom Kippur) but more importantly I believed this case's
6  chances of settling improved with Defendants present in person, rather than by phone,
7  with the expectation that the insurance adjuster and I would handle the negotiations and
8  settlement discussions.

9      25.   Defendants are being provided a defense of this action by their carrier,
10  subject to a reservation of rights.  During the pendency of this action, I am informed that
11  the carrier filed an action disputing coverage under Defendants' policy and seeking
12  rescission of the policy.  Although I am not involved in that coverage dispute, I am
13  aware of its existence, and I communicated to Plaintiffs' counsel that, because of the
14  coverage dispute, I believed mediation should occur when both Defendants could be
15  there in person because the mediator might seek to prevail on them to contribute to a
16  settlement in excess of what the carrier was willing to contribute in light of the disputed
17  coverage.

18      26.   Plaintiffs' counsel explained why Plaintiffs were not willing to postpone
19  mediation, namely, that Plaintiffs (who are practicing dentists) had already cleared their
20  work calendars to attend mediation on 9/10/2018, which meant Plaintiffs were not
21  seeing patients that day and not making any revenue.  If the mediation was moved to
22  later in the month, Plaintiffs would again need to clear their schedule of patients, which
23  would mean a second day of lost revenue for Plaintiffs.

24      27.   By the end of the phone call, it was my clear understanding that Plaintiffs
25  absolutely refused to re-schedule the mediation and that Plaintiffs were choosing to

proceed with mediation on 9/10 even though they knew that Defendants were unable to attend in person.

28.  When I communicated this to Defendants, Dr. Glassman asked his daughter (who is a business attorney licensed to practice law in the State of Florida) to attend mediation.  Since Dr. Glassman was unable to attend himself, it was important to Dr. Glassman (as it was to all of us) for a representative to be physically present at mediation in order to comply with the reference to mediation.

29.  Although it was on short notice (mediation was 5 calendar days away), Dr. Glassman's daughter was well suited to serve as a personal representative for Defendants because of her familiarity with the individual defendants and familiarity with the defunct entity Defendant DSM.  That familiarity meant that Dr. Glassman's daughter came to the mediation with an understanding of the case before even reading Defendants' mediation brief.

30.  Not only was Dr. Glassman's daughter given both authority and consent to settle, but she was also motivated to settle this case and came prepared to contribute *her own money* to a settlement for reasons related to the likelihood of future bankruptcy filings by Defendants.  Since Plaintiffs are aware of Defendants' past bankruptcies and possible future cases, Defendants anticipated that the risk of a preference action in bankruptcy would be an issue at mediation (i.e., that any settlement payment made to Plaintiffs would be subject to avoidance in bankruptcy).  There was, however, no risk of avoidance if a settlement was paid by non-debtors (i.e., paid by the carrier and Dr. Glassman's daughter).

31.  On the day of mediation (9/10/2018), Dr. Glassman's daughter and I arrived at ADR Services, Inc. with authority and consent to settle.  We arrived over an hour early and took advantage of that time to discuss the case with the mediator (who

was also early to the mediation).  Although the mediation was scheduled from 2:00 PM to 5:00 PM, our initial conference with the mediator commenced at approximately 1:05 PM and continued until 2:00 PM when the mediator left for Plaintiffs' room.

32.   Defendants were both available to me on the phone and eager to stay apprised during the entire mediation, as was the insurance adjuster who promptly took my multiple calls and participated in the discussions.

33.   Two hours into mediation, Plaintiffs demanded the damages claimed in the complaint, to which Defendants counteroffered with a 5-digit sum.  At a quarter after 4:00 PM, Plaintiffs made their first settlement offer of the day, in response to which the mediator proposed that the mediator make a Mediator's Proposal in an amount that the mediator believed would resolve the case.

34.   Defendants agreed to the mediator making a Mediator's Proposal in the belief it would settle the case.  But when the mediator returned from Plaintiffs' room, we learned that Plaintiffs had either rejected the Mediator's Proposal or rejected the idea of the mediator making a proposal, *and that Plaintiffs and their counsel had already left the mediation*.  This was shortly before 5:00 PM, at which time the parties were about to begin incurring the mediator's normal hourly rate of $500 per hour.

35.   Defendants had no advance notice that Plaintiffs were leaving the mediation or believed the mediation to be over, and it was my impression that the mediator did not either (the mediator himself did not say).  Defendants spent some more time with the mediator discussing possible settlement scenarios and insurance issues before leaving.

36.   On 9/11/2018, the parties' mediator Keith Parker filed his Mediation Report (Dkt. 84), which stated that "The individual parties and their respective trial counsel, designated corporate representatives, and/or representatives of the party's

insurer: Appeared as required by Civil L.R. 16-15.5(b)."

## STATEMENTS IN PLAINTIFFS' COUNSEL'S DECLARATION

37.    The declaration submitted by Plaintiffs' counsel requesting this OSC against Defendants sets forth several statements that I believe are either inaccurate or misleading, and therefore I must address the statements in each of the paragraphs that follow:

38.    The declaration states at ¶ 10 that Defendants did not attend mediation "either personally or by phone" and that Defendants' insurance adjuster "was not present." This is misleading as it suggests that I was the only person who attended mediation on Defendants' behalves. Dr. Glassman's daughter came to California for the sole purpose of attending this mediation. She flew from Florida to California on Sunday, attended mediation on Monday (9/10), and flew home on Tuesday morning. While it is true that Dr. Weisfogel and Dr. Glassman were unable to attend in person, Plaintiffs knew this in advance, and both Dr. Weisfogel and Dr. Glassman were available on the phone the entire time. The adjuster was also available by phone the entire time. While not physically "present," the adjuster was standing by for my calls, promptly accepted each of my multiple calls, and was clearly "present" in her participation.

39.    The statements in ¶ 10 of the declaration are also misleading to the extent Plaintiffs purport to distinguish the entity defendants (Dental Sleep Masters, LLC and International Academy of Sleep, LLC) from the individual defendants. Both entity defendants are defunct, one of them having gone out of business 2 years ago and the other in the process of winding down operations. Neither entity has any employee or representative to appear on its behalf except for an attorney (the undersigned) and sole remaining stockholder (Dr. Weisfogel).

40.    The declaration states at ¶ 11 that "Defendants did not explain why Barry Glassman's daughter attended the mediation and whether she had any authority."  It is correct that I did not advise Plaintiffs in advance that Dr. Glassman's daughter was attending, but the need for her attendance was, in part, a response to Plaintiffs' unwillingness to continue the mediation by a couple weeks so that Defendants could attend in person.  It is incorrect for Plaintiffs to question whether Dr. Glassman's daughter came with authority (she did).  If Plaintiffs had been willing to pay the mediator's hourly rate starting at 5:00 PM, Dr. Glassman's daughter came prepared to contribute her own money to a settlement.

41.    The declaration states at ¶ 12 that Plaintiffs remained at mediation "for more than 3 hours" even though "no one with authority to negotiate and settle the case was present on behalf of the Defendants."  The statement is incorrect.  Defendants were present through a representative with authority to negotiate and settle.   To the extent Plaintiffs raise the length of time (3 hours) they were at mediation, Dr. Glassman's daughter and I were there for nearly 5 hours, and we were given no advance notice before Plaintiffs decided to leave.

42.    The declaration states at ¶ 13 that "[d]uring the entire time that Plaintiffs were present they received only one settlement communication by Defendants…."  While it is true that Defendants only made 1 counteroffer, the declaration omits that Plaintiffs themselves only made 1 settlement offer, and that the course of the mediation then led to the mediator suggesting that the mediator make a Mediator's Proposal that the mediator believed would settle the case.  Defendants agreed to this, but Plaintiffs rejected it and left the mediation without advance notice.

43.    The declaration states at ¶ 14 that Defendants never told Plaintiffs ahead of time that Defendants were unable to appear in person for mediation.  While it is correct

that Defendants did not advise Plaintiffs' ahead of time about Dr. Glassman's daughter coming to mediation, it is incorrect that Defendants never advised Plaintiffs about Defendants themselves being unable to appear in person. This was the entire purpose of my phone call to Plaintiffs' counsel on 9/5/2018, i.e., to explain why Defendants wanted to postpone the mediation for a couple weeks so that Defendants could attend in person. Plaintiffs not only refused but knew when doing so that Defendants were unable to attend in person.

## COMPLIANCE WITH COURT ORDER

44.   Defendants complied with the Court's 6/11/2018 order. Defendants took the laboring oar in scheduling the mediation, and without Defendants' efforts, mediation would not have proceeded. As the record shows, Plaintiffs themselves never at any time made an effort to pursue mediation. It was entirely Defendants' own doing.

45.   When conflicts then arose preventing Defendants themselves from attending mediation in person, Defendants sought to continue the mediation by a couple weeks and went to lengths to explain to Plaintiffs why. When Plaintiffs refused, Defendants then attended mediation by phone and sent a personal representative who incurred the expense of airfare and two nights in a hotel just so she could appear at mediation in person. And Defendants' insurance adjuster attended mediation by phone.

46.   Plaintiffs were not deprived of an opportunity to mediate this case, as they now claim. It was Plaintiffs who departed mediation at 5:00 PM so as to presumably avoid incurring the expense of the mediator's time. Defendants did not even know Plaintiffs were leaving until after Plaintiffs were already gone.

47.   Plaintiffs were wrong to request an OSC and sanctions against Defendants in the manner that Plaintiffs have done. Sanctions are not only unwarranted in this case but risk undermining the settlement efforts that are currently ongoing. To the extent

Plaintiffs requested an OSC and sanctions as the "stick" in a "carrot and stick" approach to the ongoing settlement discussions, it is improper and should not be condoned by the Court.

48.    For the reasons set forth above, Defendants respectfully request that the Court decline to issue sanctions against Defendants.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.  Executed on September 13, 2018 at San Francisco, California.

_____

PHIL FOSTER

DECLARATION OF COUNSEL PHIL FOSTER IN RESPONSE TO ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ISSUE SANCTIONS

# Exhibit "A"

**Phil Foster**

| | |
|---|---|
| **From:** | Megan Nomura |
| **Sent:** | Tuesday, May 22, 2018 5:06 PM |
| **To:** | e.ostrove@epsteinostrove.com; Matthew Bradford; phil@tslo.com |
| **Subject:** | RE: Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP |

Dear Counsel,

Pursuant to my conversation with Mr. Foster earlier today, we understand that the parties have agreed to schedule the mediation in the above-referenced matter on Thursday, June 21, 2018.

Mr. Parker has advised that he is available on that date, however, he says that the date does not comply with the Court's Scheduling Order. Please see the message below:

> Advise counsel that they need to contact the Court and get permission to continue the mediation cutoff date before we set our date. In addition, defendants need to submit an email request to appear by telephone, with a copy to plaintiff counsel, which provides the basis for the request for defendants to appear by telephone.

Thank you for your courtesy and cooperation. Please feel free to contact me with any questions.

Sincerely,
Megan Nomura



**Megan Nomura, Manager**
*ADR Services, Inc. - Your Partner in Resolution*
megan@adrservices.com

**Megan Nomura | Manager | ADR SERVICES, INC.**

Tel: 949.863.9800 | Fax: 949.863.9888 | 19000 MacArthur Boulevard, Suite 550 | Irvine, California | 92612 | www.adrservices.com

**SEVEN OFFICES STATEWIDE: <u>Orange County | Century City | Downtown Los Angeles |San Diego | San Francisco | Silicon Valley | Oakland</u>**

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

**From:** Pearse, Steven [mailto:spearse@cgdrblaw.com]
**Sent:** Wednesday, May 16, 2018 2:28 PM
**To:** Megan Nomura <megan@adrservices.com>; e.ostrove@epsteinostrove.com
**Cc:** Matthew Bradford <matthew@robinsonbradford.net>; phil@tslo.com
**Subject:** Re: Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP

Megan,

My office has substituted out. I have cc-ed new counsel, Phil Foster. Thank you!

Sent from my iPhone

On May 16, 2018, at 2:23 PM, Megan Nomura <megan@adrservices.com> wrote:

> Dear Counsel,

Mr. Parker has requested that counsel contact this office with proposed dates for the rescheduled mediation in the above-referenced matter.

If we do not hear from you by **Wednesday, May 23, 2018**, we will have to contact the Court and advise that we have been unable to schedule this matter.

Thank you for your courtesy and cooperation.  Please feel free to contact me with any questions.

Sincerely,
Megan Nomura


&lt;image001.png&gt;   **Megan Nomura, Manager**
*ADR Services, Inc. - Your Partner in Resolution*
megan@adrservices.com
**Megan Nomura  |  Manager  |  ADR SERVICES, INC.**

Tel: 949.863.9800 | Fax: 949.863.9888 | 19000 MacArthur Boulevard, Suite 550 | Irvine, California | 92612 |
www.adrservices.com

**SEVEN OFFICES STATEWIDE: Orange County | Century City | Downtown Los Angeles |San Diego | San Francisco | Silicon Valley | Oakland**

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

**From:** Matthew Bradford [mailto:matthew@robinsonbradford.net]
**Sent:** Thursday, March 01, 2018 6:37 PM
**To:** Megan Nomura <megan@adrservices.com>
**Cc:** Pearse, Steven <spearse@cgdrblaw.com>; kmp@keithparkermediation.com; Barger, Glenn <gbarger@cgdrblaw.com>
**Subject:** Re: Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP

I received this email. We will plan on not appearing at the mediation.


Matthew C. Bradford, Esq.
Robinson Bradford, LLP
Direct Line: 858.480.6968


On Thu, Mar 1, 2018 at 3:15 PM, Megan Nomura <megan@adrservices.com> wrote:

Dear Mr. Pearse,


Thank you for your email.  This serves to confirm that the Mediation in the above-referenced matter, scheduled for March 7, 2018, has been taken off calendar.

We will await notification that the defendants have retained new counsel before proceeding with rescheduling the mediation.

Should you have any questions in the meantime, please do not hesitate to contact me.

Sincerely,
Megan Nomura

<image001.png>   **Megan Nomura, Manager**

*ADR Services, Inc.* - *Your Partner in Resolution*
megan@adrservices.com

**Megan Nomura | Manager | ADR SERVICES, INC.**

Tel: 949.863.9800 | Fax: 949.863.9888 | 19000 MacArthur Boulevard, Suite 550 | Irvine, California | 92612 | www.adrservices.com

**SEVEN OFFICES STATEWIDE: Orange County | Century City | Downtown Los Angeles |San Diego | San Francisco | Silicon Valley | Oakland**

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

**From:** Pearse, Steven [mailto:spearse@cgdrblaw.com]
**Sent:** Thursday, March 01, 2018 2:20 PM
**To:** Megan Nomura <megan@adrservices.com>
**Cc:** Matthew Bradford <matthew@robinsonbradford.net>; kmp@keithparkermediation.com; Barger, Glenn <gbarger@cgdrblaw.com>
**Subject:** Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP

Dear Ms. Nomura,

My office represents Dental Sleep Masters, Dr. Barry Glassman, Dr. Avi Weisfogel, and the International Academy of Sleep in the above-referenced matter. Please allow this correspondence to follow-up with a discussion that I had with Chelsea from your office with respect to continuing the March 7, 2018 mediation currently scheduled. Pursuant to your letter of February 9, 2018, the parties are permitted one continuance. At this time, my office will be withdrawing as counsel, however, the identity of the new attorney is not yet known. In order for that counsel to get up to speed on the issues related to this matter, a continuance of the mediation to a later date is necessary. As my clients' new counsel has not yet been identified, the selection of a new date at this time is premature.

I have separately contacted Mr. Bradford, Plaintiffs' counsel, to inform him of the same, and am awaiting a return call. At your earliest convenience, please confirm the continuance of the mediation. If you have any questions with respect to the aforementioned, please do not hesitate to contact me. Thank you.

STEVEN J. PEARSE
spearse@cgdrblaw.com | www.cgdrblaw.com
<image002.png>
Chapman, Glucksman, Dean, Roeb & Barger
11900 W. Olympic Boulevard Suite 800
Los Angeles, California 90064
Telephone: (310) 207-7722
Facsimile: (310) 207-6550

*Please consider the environment before printing this e-mail*

LOS ANGELES | BAY AREA | SACRAMENTO | ORANGE COUNTY

THIS ELECTRONIC MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR BY TELEPHONE AT (310) 207-7722, AND DESTROY THE ORIGINAL TRANSMISSION AND ITS ATTACHMENTS WITHOUT READING OR SAVING THEM TO DISK. THANK YOU.

# Exhibit "B"

**Phil Foster**

| | |
|---|---|
| **From:** | Phil Foster |
| **Sent:** | Tuesday, June 12, 2018 12:08 PM |
| **To:** | 'Megan Nomura'; 'Matthew Bradford' |
| **Subject:** | RE: Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP |
| **Attachments:** | Order re Ex Parte.pdf |

Ms. Nomura:

I am following up about mediation with Keith Parker.  Attached is the Court's minute order from yesterday clarifying that this case must still be submitted to mediation.

Although Defendants have requested a trial continuance, it is not clear that one will be granted.  Could you please forward us Mr. Parker's availability at the end of this month and in July 2018 for a mediation of this matter?

I have copied Plaintiffs' counsel Matthew Bradford on this email.  Please "reply all" when responding.

Thank you for your time on this matter.

Phil Foster
**Tour-Sarkissian Law Offices, LLP**
211 Gough Street, 3rd Floor
San Francisco, CA  94102
(415) 626-7744
(415) 626-8189 facsimile

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

 Please consider the environment before printing this email.

---

**From:** Megan Nomura [mailto:megan@adrservices.com]
**Sent:** Tuesday, May 22, 2018 5:06 PM
**To:** e.ostrove@epsteinostrove.com; Matthew Bradford; phil@tslo.com
**Subject:** RE: Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP

Dear Counsel,

Pursuant to my conversation with Mr. Foster earlier today, we understand that the parties have agreed to schedule the mediation in the above-referenced matter on Thursday, June 21, 2018.

Mr. Parker has advised that he is available on that date, however, he says that the date does not comply with the Court's Scheduling Order.  Please see the message below:

Advise counsel that they need to contact the Court and get permission to continue the mediation cutoff date before we set our date. In addition, defendants need to submit an email request to appear by telephone, with a copy to plaintiff counsel, which provides the basis for the request for defendants to appear by telephone.

Thank you for your courtesy and cooperation. Please feel free to contact me with any questions.

Sincerely,
Megan Nomura



**Megan Nomura, Manager**
*ADR Services, Inc. - Your Partner in Resolution*
megan@adrservices.com

**Megan Nomura |  Manager  | ADR SERVICES, INC.**

Tel: 949.863.9800 | Fax: 949.863.9888 | 19000 MacArthur Boulevard, Suite 550 | Irvine, California | 92612 | www.adrservices.com

**SEVEN OFFICES STATEWIDE: Orange County | Century City | Downtown Los Angeles | San Diego | San Francisco | Silicon Valley | Oakland**

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

**From:** Pearse, Steven [mailto:spearse@cgdrblaw.com]
**Sent:** Wednesday, May 16, 2018 2:28 PM
**To:** Megan Nomura <megan@adrservices.com>; e.ostrove@epsteinostrove.com
**Cc:** Matthew Bradford <matthew@robinsonbradford.net>; phil@tslo.com
**Subject:** Re: Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP

Megan,

My office has substituted out. I have cc-ed new counsel, Phil Foster. Thank you!

Sent from my iPhone

On May 16, 2018, at 2:23 PM, Megan Nomura <megan@adrservices.com> wrote:

Dear Counsel,

Mr. Parker has requested that counsel contact this office with proposed dates for the rescheduled mediation in the above-referenced matter.

If we do not hear from you by **Wednesday, May 23, 2018**, we will have to contact the Court and advise that we have been unable to schedule this matter.

Thank you for your courtesy and cooperation. Please feel free to contact me with any questions.

Sincerely,
Megan Nomura

<image001.png>    **Megan Nomura, Manager**
*ADR Services, Inc. - Your Partner in Resolution*
megan@adrservices.com

**Megan Nomura |  Manager  | ADR SERVICES, INC.**

Tel: 949.863.9800 | Fax: 949.863.9888 | 19000 MacArthur Boulevard, Suite 550 | Irvine, California | 92612 | www.adrservices.com

**SEVEN OFFICES STATEWIDE: Orange County | Century City | Downtown Los Angeles |San Diego | San Francisco | Silicon Valley | Oakland**

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

**From:** Matthew Bradford [mailto:matthew@robinsonbradford.net]
**Sent:** Thursday, March 01, 2018 6:37 PM
**To:** Megan Nomura <megan@adrservices.com>
**Cc:** Pearse, Steven <spearse@cgdrblaw.com>; kmp@keithparkermediation.com; Barger, Glenn <gbarger@cgdrblaw.com>
**Subject:** Re: Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP

I received this email. We will plan on not appearing at the mediation.


Matthew C. Bradford, Esq.
Robinson Bradford, LLP
Direct Line: 858.480.6968


On Thu, Mar 1, 2018 at 3:15 PM, Megan Nomura <megan@adrservices.com> wrote:

Dear Mr. Pearse,


Thank you for your email.  This serves to confirm that the Mediation in the above-referenced matter, scheduled for March 7, 2018, has been taken off calendar.


We will await notification that the defendants have retained new counsel before proceeding with rescheduling the mediation.


Should you have any questions in the meantime, please do not hesitate to contact me.


Sincerely,
Megan Nomura


<image001.png>   **Megan Nomura, Manager**

*ADR Services, Inc. - Your Partner in Resolution*

3

megan@adrservices.com

**Megan Nomura | Manager | ADR SERVICES, INC.**


Tel: <u>949.863.9800</u> | Fax: <u>949.863.9888</u> | <u>19000 MacArthur Boulevard, Suite 550 | Irvine, California | 92612</u> | <u>www.adrservices.com</u>


**SEVEN OFFICES STATEWIDE:** <u>Orange County | Century City | Downtown Los Angeles |San Diego | San Francisco | Silicon Valley | Oakland</u>


This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.


**From:** Pearse, Steven [mailto:spearse@cgdrblaw.com]
**Sent:** Thursday, March 01, 2018 2:20 PM
**To:** Megan Nomura <megan@adrservices.com>
**Cc:** Matthew Bradford <matthew@robinsonbradford.net>; kmp@keithparkermediation.com; Barger, Glenn <gbarger@cgdrblaw.com>
**Subject:** Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP


Dear Ms. Nomura,


My office represents Dental Sleep Masters, Dr. Barry Glassman, Dr. Avi Weisfogel, and the International Academy of Sleep in the above-referenced matter.  Please allow this correspondence to follow-up with a discussion that I had with Chelsea from your office with respect to continuing the March 7, 2018 mediation currently scheduled.  Pursuant to your letter of February 9, 2018, the parties are permitted one continuance.  At this time, my office will be withdrawing as counsel, however, the identity of the new attorney is not yet known.  In order for that counsel to get up to speed on the issues related to this matter, a continuance of the mediation to a later date is necessary.  As my clients' new counsel has not yet been identified, the selection of a new date at this time is premature.


I have separately contacted Mr. Bradford, Plaintiffs' counsel, to inform him of the same, and am awaiting a return call.  At your earliest convenience, please confirm the continuance of the mediation.  If you have any questions with respect to the aforementioned, please do not hesitate to contact me.  Thank you.

STEVEN J. PEARSE
spearse@cgdrblaw.com|www.cgdrblaw.com
<image002.png>
Chapman, Glucksman, Dean, Roeb & Barger
11900 W. Olympic Boulevard Suite 800
Los Angeles, California 90064
Telephone: (310) 207-7722
Facsimile: (310) 207-6550

 *Please consider the environment before printing this e-mail*

LOS ANGELES | BAY AREA | SACRAMENTO | ORANGE COUNTY

THIS ELECTRONIC MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR BY TELEPHONE AT (310) 207-7722, AND DESTROY THE ORIGINAL TRANSMISSION AND ITS ATTACHMENTS WITHOUT READING OR SAVING THEM TO DISK. THANK YOU.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0732-DOC (DFMx)                    Date:  June 11, 2018

Title: NICK NGUYEN ET AL. V. DENTAL SLEEP MASTERS, LLC ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Deborah Lewman                              Not Present
Courtroom Clerk                           Court Reporter

ATTORNEYS PRESENT FOR          ATTORNEYS PRESENT FOR
PLAINTIFF:                                DEFENDANT:
None Present                              None Present

**PROCEEDINGS (IN CHAMBERS):    ORDER RE DEFENDANTS' EX**
**PARTE APPLICATION [74]**

Before the Court are Defendants' Ex Parte Application to Continue Trial Date and Reopen Discovery ("Application") (Dkt. 74) and Plaintiffs' Opposition to the Application ("Opposition") (Dkt. 75), which together raise several issues.

First, the Application and Opposition make clear that the parties never attended their Court-ordered mediation. *See* App. at 5; Opp'n at 2. Accordingly, the Court ORDERS the parties—the attorneys and their clients—to attend mediation as soon as possible.

Next, Defendants request that the Court reopen discovery and continue the trial date, but given that Defendants also express a desire to file pre-trial motions and that the deadline for filing dispositive motions has already passed, Defendants in reality seek a continuance of all the dates that were previously set in the Scheduling Order. *See* App. at 6–7. However, Defendants fail to propose any new dates, and fail to sufficiently explain why they waited until now to file their Application. *See generally* App. Accordingly, the Court ORDERS Defendants to file, **no later than June 13, 2018**, supplemental briefing explaining the following:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0732-DOC (DFMx)                                    Date: June 11, 2018

Page 2

-    why Defendants waited until June 7, 2018, to request these continuances, even though the Court issued its Order Denying Defendants' Petition to Compel Arbitration on April 30, 2018, the Discovery Cut-Off was May 14, 2018, and the Motion Cut-Off is June 11, 2018, meaning the last day to file dispositive motions was May 14, 2018;
-    why Defendants did not seek to schedule depositions after they propounded written discovery on March 29, 2018;
-    what type of motion Defendants seek to file, and why they did not previously do so or request a continuance of the Motion Cut-Off date;
-    precisely what additional discovery Defendants seek and what they believe is a reasonable time to complete such discovery; and
-    what new dates Defendants believe would be reasonable.

      Plaintiffs may respond to Defendants' supplemental briefing **no later than June 15, 2018**. In their supplemental briefing, Plaintiffs should explain:
-    whether any deadlines, in fairness, should be extended;
-    what new dates would be reasonable, should the Court decide to grant extensions; and
-    whether any restrictions should be placed on additional discovery, should the Court decide to reopen discovery.

      The Court encourages the parties to meet and confer regarding these issues, in order to determine whether they can agree on and stipulate to any continuances or additional discovery.

      The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk: djl
CIVIL-GEN

# Exhibit "C"

**Phil Foster**

| | |
|---|---|
| **From:** | Phil Foster |
| **Sent:** | Tuesday, June 12, 2018 12:05 PM |
| **To:** | 'Matthew Bradford' |
| **Subject:** | Nguyen/Yang |
| **Attachments:** | Order re Ex Parte.pdf |

Matthew:

I just called your office and was advised the best way to reach you this week is by email since you are not in the office.

I apologize for this intrusion if you are out of the office on personal time, but I would like to meet and confer with you per the Court's minute order yesterday, copy attached.

Could you please let me know if you are available today for a phone call and, if so, a good number to reach you at? I would like to discuss the following:

1. if the Court grants a continuance as requested by Defendants, the continued dates for trial, related deadlines, and mediation;
2. if the Court does not grant a continuance, Plaintiffs' availability for a mediation either this month or in July 2018 (trial is 8/14);
3. any alternatives to a trial continuance that the parties might agree on.

I need to email to the parties' mediator that we have an order authorizing mediation.  I will copy you.

Please let me know at your earliest convenience.

Phil Foster
**Tour-Sarkissian Law Offices, LLP**
211 Gough Street, 3rd Floor
San Francisco, CA  94102
(415) 626-7744
(415) 626-8189 facsimile

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

Please consider the environment before printing this email.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0732-DOC (DFMx)                    Date:  June 11, 2018

Title: NICK NGUYEN ET AL. V. DENTAL SLEEP MASTERS, LLC ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

Deborah Lewman                                    Not Present
Courtroom Clerk                                  Court Reporter

ATTORNEYS PRESENT FOR                   ATTORNEYS PRESENT FOR
PLAINTIFF:                                            DEFENDANT:
None Present                                         None Present

**PROCEEDINGS (IN CHAMBERS):    ORDER RE DEFENDANTS' EX**
**PARTE APPLICATION [74]**

Before the Court are Defendants' Ex Parte Application to Continue Trial Date and Reopen Discovery ("Application") (Dkt. 74) and Plaintiffs' Opposition to the Application ("Opposition") (Dkt. 75), which together raise several issues.

First, the Application and Opposition make clear that the parties never attended their Court-ordered mediation. *See* App. at 5; Opp'n at 2. Accordingly, the Court ORDERS the parties—the attorneys and their clients—to attend mediation as soon as possible.

Next, Defendants request that the Court reopen discovery and continue the trial date, but given that Defendants also express a desire to file pre-trial motions and that the deadline for filing dispositive motions has already passed, Defendants in reality seek a continuance of all the dates that were previously set in the Scheduling Order. *See* App. at 6–7. However, Defendants fail to propose any new dates, and fail to sufficiently explain why they waited until now to file their Application. *See generally* App. Accordingly, the Court ORDERS Defendants to file, **no later than June 13, 2018**, supplemental briefing explaining the following:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 17-0732-DOC (DFMx)                    Date: June 11, 2018

                                                              Page 2

-   why Defendants waited until June 7, 2018, to request these continuances, even
    though the Court issued its Order Denying Defendants' Petition to Compel
    Arbitration on April 30, 2018,  the Discovery Cut-Off was May 14, 2018, and
    the Motion Cut-Off is June 11, 2018, meaning the last day to file dispositive
    motions was May 14, 2018;
-   why Defendants did not seek to schedule depositions after they propounded
    written discovery on March 29, 2018;
-   what type of motion Defendants seek to file, and why they did not previously
    do so or request a continuance of the Motion Cut-Off date;
-   precisely what additional discovery Defendants seek and what they believe is a
    reasonable time to complete such discovery; and
-   what new dates Defendants believe would be reasonable.

Plaintiffs may respond to Defendants' supplemental briefing **no later than June 15, 2018**. In their supplemental briefing, Plaintiffs should explain:
-   whether any deadlines, in fairness, should be extended;
-   what new dates would be reasonable, should the Court decide to grant
    extensions; and
-   whether any restrictions should be placed on additional discovery, should the
    Court decide to reopen discovery.

The Court encourages the parties to meet and confer regarding these issues, in order to determine whether they can agree on and stipulate to any continuances or additional discovery.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                    Initials of Deputy Clerk: djl
CIVIL-GEN

# Exhibit "D"

**Phil Foster**

| | |
|---|---|
| **From:** | Megan Nomura |
| **Sent:** | Tuesday, June 12, 2018 12:15 PM |
| **To:** | Phil Foster; Matthew Bradford |
| **Subject:** | RE: Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP |

Dear Counsel,

Pursuant to Mr. Foster's request, please find below Mr. Parker's availability in late June and July:

> June 21, 26, 27, 28
> July 5, 10, 11, 12, 18, 18, 25, 26, 31

Further, please find below the message from Mr. Parker:

> In addition, defendants need to submit an email request to appear by telephone, with a copy to plaintiff counsel, which provides the basis for the request for defendants to appear by telephone.

Please feel free to contact me with any questions.

Thank you,
Megan Nomura



**Megan Nomura, Manager**
*ADR Services, Inc. - Your Partner in Resolution*
megan@adrservices.com

Megan Nomura |  Manager  | ADR SERVICES, INC.

Tel: 949.863.9800 | Fax: 949.863.9888 | 19000 MacArthur Boulevard, Suite 550 | Irvine, California | 92612 | www.adrservices.com

**SEVEN OFFICES STATEWIDE:** Orange County | Century City | Downtown Los Angeles |San Diego | San Francisco | Silicon Valley | Oakland

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

**From:** Phil Foster [mailto:phil@tslo.com]
**Sent:** Tuesday, June 12, 2018 12:08 PM
**To:** Megan Nomura <megan@adrservices.com>; Matthew Bradford <matthew@robinsonbradford.net>
**Subject:** RE: Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP

Ms. Nomura:

I am following up about mediation with Keith Parker.  Attached is the Court's minute order from yesterday clarifying that this case must still be submitted to mediation.

Although Defendants have requested a trial continuance, it is not clear that one will be granted.  Could you please forward us Mr. Parker's availability at the end of this month and in July 2018 for a mediation of this matter?

I have copied Plaintiffs' counsel Matthew Bradford on this email.  Please "reply all" when responding.

Thank you for your time on this matter.

Phil Foster
**Tour-Sarkissian Law Offices, LLP**
211 Gough Street, 3rd Floor
San Francisco, CA  94102
(415) 626-7744
(415) 626-8189 facsimile

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

 Please consider the environment before printing this email.

---

**From:** Megan Nomura [mailto:megan@adrservices.com]
**Sent:** Tuesday, May 22, 2018 5:06 PM
**To:** e.ostrove@epsteinostrove.com; Matthew Bradford; phil@tslo.com
**Subject:** RE: Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP

Dear Counsel,

Pursuant to my conversation with Mr. Foster earlier today, we understand that the parties have agreed to schedule the mediation in the above-referenced matter on Thursday, June 21, 2018.

Mr. Parker has advised that he is available on that date, however, he says that the date does not comply with the Court's Scheduling Order.  Please see the message below:

> Advise counsel that they need to contact the Court and get permission to continue the mediation cutoff date before we set our date.  In addition, defendants need to submit an email request to appear by telephone, with a copy to plaintiff counsel, which provides the basis for the request for defendants to appear by telephone.

Thank you for your courtesy and cooperation.  Please feel free to contact me with any questions.

Sincerely,
Megan Nomura

 **Megan Nomura, Manager**
*ADR Services, Inc. - Your Partner in Resolution*
megan@adrservices.com

**Megan Nomura |  Manager  | ADR SERVICES, INC.**

Tel: 949.863.9800 | Fax: 949.863.9888 | 19000 MacArthur Boulevard, Suite 550 | Irvine, California | 92612 | www.adrservices.com

**SEVEN OFFICES STATEWIDE: Orange County | Century City | Downtown Los Angeles |San Diego | San Francisco | Silicon Valley | Oakland**

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

**From:** Pearse, Steven [mailto:spearse@cgdrblaw.com]
**Sent:** Wednesday, May 16, 2018 2:28 PM
**To:** Megan Nomura <megan@adrservices.com>; e.ostrove@epsteinostrove.com
**Cc:** Matthew Bradford <matthew@robinsonbradford.net>; phil@tslo.com
**Subject:** Re: Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP

Megan,

My office has substituted out. I have cc-ed new counsel, Phil Foster. Thank you!

Sent from my iPhone

On May 16, 2018, at 2:23 PM, Megan Nomura <megan@adrservices.com> wrote:

> Dear Counsel,
>
> Mr. Parker has requested that counsel contact this office with proposed dates for the rescheduled mediation in the above-referenced matter.
>
> If we do not hear from you by **Wednesday, May 23, 2018**, we will have to contact the Court and advise that we have been unable to schedule this matter.
>
> Thank you for your courtesy and cooperation.  Please feel free to contact me with any questions.
>
> Sincerely,
> Megan Nomura
>
>
> <image001.png>   **Megan Nomura, Manager**
>                 *ADR Services, Inc. - Your Partner in Resolution*
>                 megan@adrservices.com
> **Megan Nomura | Manager | ADR SERVICES, INC.**
>
> Tel: 949.863.9800 | Fax: 949.863.9888 | 19000 MacArthur Boulevard, Suite 550 | Irvine, California | 92612 |
> www.adrservices.com
>
> **SEVEN OFFICES STATEWIDE: Orange County | Century City | Downtown Los Angeles | San Diego | San**
> **Francisco | Silicon Valley | Oakland**
>
> This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

**From:** Matthew Bradford [mailto:matthew@robinsonbradford.net]
**Sent:** Thursday, March 01, 2018 6:37 PM
**To:** Megan Nomura <megan@adrservices.com>
**Cc:** Pearse, Steven <spearse@cgdrblaw.com>; kmp@keithparkermediation.com; Barger, Glenn <gbarger@cgdrblaw.com>
**Subject:** Re: Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP

I received this email. We will plan on not appearing at the mediation.


Matthew C. Bradford, Esq.
Robinson Bradford, LLP

Direct Line: 858.480.6968

On Thu, Mar 1, 2018 at 3:15 PM, Megan Nomura <megan@adrservices.com> wrote:

Dear Mr. Pearse,

Thank you for your email.  This serves to confirm that the Mediation in the above-referenced matter, scheduled for March 7, 2018, has been taken off calendar.

We will await notification that the defendants have retained new counsel before proceeding with rescheduling the mediation.

Should you have any questions in the meantime, please do not hesitate to contact me.

Sincerely,
Megan Nomura

<image001.png>   **Megan Nomura, Manager**

*ADR Services, Inc. - Your Partner in Resolution*
megan@adrservices.com
**Megan Nomura |  Manager  | ADR SERVICES, INC.**

Tel: 949.863.9800 | Fax: 949.863.9888 | 19000 MacArthur Boulevard, Suite 550 | Irvine, California | 92612 | www.adrservices.com

**SEVEN OFFICES STATEWIDE: Orange County | Century City | Downtown Los Angeles |San Diego | San Francisco | Silicon Valley | Oakland**

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

**From:** Pearse, Steven [mailto:spearse@cgdrblaw.com]
**Sent:** Thursday, March 01, 2018 2:20 PM
**To:** Megan Nomura <megan@adrservices.com>
**Cc:** Matthew Bradford <matthew@robinsonbradford.net>; kmp@keithparkermediation.com;

Barger, Glenn <gbarger@cgdrblaw.com>
**Subject:** Nguyen v. Dental Sleep Masters - ADRS Case No. 17-7468-KMP

Dear Ms. Nomura,

My office represents Dental Sleep Masters, Dr. Barry Glassman, Dr. Avi Weisfogel, and the International Academy of Sleep in the above-referenced matter. Please allow this correspondence to follow-up with a discussion that I had with Chelsea from your office with respect to continuing the March 7, 2018 mediation currently scheduled. Pursuant to your letter of February 9, 2018, the parties are permitted one continuance. At this time, my office will be withdrawing as counsel, however, the identity of the new attorney is not yet known. In order for that counsel to get up to speed on the issues related to this matter, a continuance of the mediation to a later date is necessary. As my clients' new counsel has not yet been identified, the selection of a new date at this time is premature.

I have separately contacted Mr. Bradford, Plaintiffs' counsel, to inform him of the same, and am awaiting a return call. At your earliest convenience, please confirm the continuance of the mediation. If you have any questions with respect to the aforementioned, please do not hesitate to contact me. Thank you.

STEVEN J. PEARSE
spearse@cgdrblaw.com | www.cgdrblaw.com
<image002.png>
Chapman, Glucksman, Dean, Roeb & Barger
11900 W. Olympic Boulevard Suite 800
Los Angeles, California 90064
Telephone: (310) 207-7722
Facsimile: (310) 207-6550

 *Please consider the environment before printing this e-mail*

LOS ANGELES | BAY AREA | SACRAMENTO | ORANGE COUNTY

THIS ELECTRONIC MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED AND CONFIDENTIAL. IF YOU ARE NOT THE INTENDED RECIPIENT, OR THE EMPLOYEE OR AGENT RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR BY TELEPHONE AT (310) 207-7722, AND DESTROY THE ORIGINAL TRANSMISSION AND ITS ATTACHMENTS WITHOUT READING OR SAVING THEM TO DISK. THANK YOU.

# Exhibit "E"

## Phil Foster

| | |
|---|---|
| **From:** | Phil Foster |
| **Sent:** | Saturday, July 14, 2018 9:37 AM |
| **To:** | 'Matthew Bradford'; 'Nathan Robinson' |
| **Subject:** | Nguyen v. Dental Sleep Masters, et al. - MEDIATION |

Matt:

I just had a case settle, so my schedule is now very open for the coming 2 months.  Since I know you have quite a number of obligations in August, here is my availability so you can match it with yours:

**August 20 (any day that week)**

**August 27 (any day that week)**

**September 3 (any day that week, <u>including Labor Day on 9/3</u>)**

**September 10 (any day that week)**

**September 17 (any day that week)**

Also, as I mentioned in my prior email, I would be willing to mediate on Saturday.  But I have no idea whether the parties and mediator would agree to this.

I hope this helps.  Please get back to me.

Phil Foster
**Tour-Sarkissian Law Offices, LLP**
211 Gough Street, 3rd Floor
San Francisco, CA  94102
(415) 626-7744
(415) 626-8189 facsimile

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

Please consider the environment before printing this email.

# Exhibit "F"

**Phil Foster**

---

| | |
|---|---|
| **From:** | Phil Foster |
| **Sent:** | Monday, July 16, 2018 2:24 PM |
| **To:** | 'Matthew Bradford'; 'Nathan Robinson' |
| **Subject:** | RE: Nguyen v. Dental Sleep Masters, et al. - MEDIATION |

Matt:

I sent you quite a few dates on which Plaintiffs are available to mediate.  Can Plaintiffs please provide us with some dates to forward to the mediator?  I am assuming the mediation may be the second or third week of September given your other obligations.

Thank you.

Phil Foster
**Tour-Sarkissian Law Offices, LLP**
211 Gough Street, 3rd Floor
San Francisco, CA  94102
(415) 626-7744
(415) 626-8189 facsimile

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

 Please consider the environment before printing this email.

---

**From:** Phil Foster [mailto:phil@tslo.com]
**Sent:** Saturday, July 14, 2018 9:37 AM
**To:** 'Matthew Bradford'; 'Nathan Robinson'
**Subject:** Nguyen v. Dental Sleep Masters, et al. - MEDIATION

Matt:

I just had a case settle, so my schedule is now very open for the coming 2 months.  Since I know you have quite a number of obligations in August, here is my availability so you can match it with yours:

**August 20 (any day that week)**

**August 27 (any day that week)**

**September 3 (any day that week, <u>including Labor Day on 9/3</u>)**

**September 10 (any day that week)**

**September 17 (any day that week)**

Also, as I mentioned in my prior email, I would be willing to mediate on Saturday.  But I have no idea whether the parties and mediator would agree to this.

I hope this helps.  Please get back to me.

Phil Foster
**Tour-Sarkissian Law Offices, LLP**
211 Gough Street, 3rd Floor
San Francisco, CA  94102
(415) 626-7744
(415) 626-8189 facsimile

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

 Please consider the environment before printing this email.

# Exhibit "G"

**Phil Foster**

| | |
|---|---|
| **From:** | Matthew Bradford |
| **Sent:** | Monday, July 16, 2018 3:27 PM |
| **To:** | Phil Foster |
| **Cc:** | Nathan Robinson; kmp@keithparkermediation.com |
| **Subject:** | Re: Nguyen v. Dental Sleep Masters, et al. - MEDIATION |

Phil:

I am not sure how many times I have to explain this to you. I am not available August 20 or August 27.  You keep proposing those days when you know I am not available.

You told our judge that mediation was "imminent" on June 13.  That was simply not true.

I think you are trying to create the impression that you are working to set a mediation when you really are not.


Matthew C. Bradford, Esq.
Robinson Bradford, LLP
Direct Line: 858.480.6968


On Mon, Jul 16, 2018 at 2:24 PM, Phil Foster <phil@tslo.com> wrote:

Matt:


I sent you quite a few dates on which Plaintiffs are available to mediate.  Can Plaintiffs please provide us with some dates to forward to the mediator?  I am assuming the mediation may be the second or third week of September given your other obligations.



Thank you.



Phil Foster

**Tour-Sarkissian Law Offices, LLP**

211 Gough Street, 3rd Floor

San Francisco, CA  94102

(415) 626-7744

(415) 626-8189 facsimile

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

 Please consider the environment before printing this email.

---

**From:** Phil Foster [mailto:phil@tslo.com]
**Sent:** Saturday, July 14, 2018 9:37 AM
**To:** 'Matthew Bradford'; 'Nathan Robinson'
**Subject:** Nguyen v. Dental Sleep Masters, et al. - MEDIATION

Matt:

I just had a case settle, so my schedule is now very open for the coming 2 months. Since I know you have quite a number of obligations in August, here is my availability so you can match it with yours:

**August 20 (any day that week)**

**August 27 (any day that week)**

**September 3 (any day that week, <u>including Labor Day on 9/3</u>)**

**September 10 (any day that week)**

**September 17 (any day that week)**

Also, as I mentioned in my prior email, I would be willing to mediate on Saturday.  But I have no idea whether the parties and mediator would agree to this.


I hope this helps.  Please get back to me.


Phil Foster

**Tour-Sarkissian Law Offices, LLP**

211 Gough Street, 3rd Floor

San Francisco, CA  94102

(415) 626-7744

(415) 626-8189 facsimile


This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

 Please consider the environment before printing this email.

# Exhibit "H"

**Phil Foster**

---

| | |
|---|---|
| **From:** | Phil Foster |
| **Sent:** | Monday, July 16, 2018 3:38 PM |
| **To:** | 'Matthew Bradford' |
| **Cc:** | 'Nathan Robinson'; 'kmp@keithparkermediation.com' |
| **Subject:** | RE: Nguyen v. Dental Sleep Masters, et al. - MEDIATION |

Matt:

Defendants have proposed multiple dates *in September* for a mediation, including Saturdays and Labor Day (9/3).  I will cut and paste the same September dates that I sent you previously below:

## September 3 (any day that week, <u>including Labor Day on 9/3</u>)

## September 10 (any day that week)

## September 17 (any day that week)

Would Plaintiffs please respond as to whether Plaintiffs are available on these September dates for a mediation?

Thank you for your time on this matter.

Phil Foster
**Tour-Sarkissian Law Offices, LLP**
211 Gough Street, 3rd Floor
San Francisco, CA  94102
(415) 626-7744
(415) 626-8189 facsimile

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

Please consider the environment before printing this email.

**From:** Matthew Bradford [mailto:matthew@robinsonbradford.net]
**Sent:** Monday, July 16, 2018 3:27 PM
**To:** Phil Foster
**Cc:** Nathan Robinson; kmp@keithparkermediation.com
**Subject:** Re: Nguyen v. Dental Sleep Masters, et al. - MEDIATION

Phil:

I am not sure how many times I have to explain this to you. I am not available August 20 or August 27.  You keep proposing those days when you know I am not available.

You told our judge that mediation was "imminent" on June 13.  That was simply not true.

I think you are trying to create the impression that you are working to set a mediation when you really are not.


Matthew C. Bradford, Esq.
Robinson Bradford, LLP
Direct Line: 858.480.6968


On Mon, Jul 16, 2018 at 2:24 PM, Phil Foster <phil@tslo.com> wrote:

Matt:


I sent you quite a few dates on which Plaintiffs are available to mediate.  Can Plaintiffs please provide us with some dates to forward to the mediator?  I am assuming the mediation may be the second or third week of September given your other obligations.


Thank you.


Phil Foster

**Tour-Sarkissian Law Offices, LLP**

211 Gough Street, 3rd Floor

San Francisco, CA  94102

(415) 626-7744

(415) 626-8189 facsimile


This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

Please consider the environment before printing this email.

**From:** Phil Foster [mailto:phil@tslo.com]
**Sent:** Saturday, July 14, 2018 9:37 AM
**To:** 'Matthew Bradford'; 'Nathan Robinson'
**Subject:** Nguyen v. Dental Sleep Masters, et al. - MEDIATION

Matt:

I just had a case settle, so my schedule is now very open for the coming 2 months.  Since I know you have quite a number of obligations in August, here is my availability so you can match it with yours:

**August 20 (any day that week)**

**August 27 (any day that week)**

**September 3 (any day that week, <u>including Labor Day on 9/3</u>)**

**September 10 (any day that week)**

**September 17 (any day that week)**

Also, as I mentioned in my prior email, I would be willing to mediate on Saturday.  But I have no idea whether the parties and mediator would agree to this.

I hope this helps.  Please get back to me.

Phil Foster

**Tour-Sarkissian Law Offices, LLP**

211 Gough Street, 3rd Floor

San Francisco, CA 94102

(415) 626-7744

(415) 626-8189 facsimile

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

 Please consider the environment before printing this email.

# Exhibit "I"

## Phil Foster

| | |
|---|---|
| **From:** | Phil Foster |
| **Sent:** | Tuesday, August 14, 2018 7:33 AM |
| **To:** | 'Matthew Bradford' |
| **Subject:** | Nguyen v. DSM |

Matt:

An issue has come to my attention that I would appreciate some of your time on the phone to discuss.

After I filed the stipulation for Defendants' depositions yesterday, I was notified that Dr. Glassman had been admitted to the hospital over the weekend and underwent an emergency surgery, with a followup surgery scheduled for today.  I have no other details except that it may have involved an infection from a prior surgery.

I have asked for a letter from Dr. Glassman's surgeon or treating physician, and when I have more information, I will provide it to you.  I am writing at this point out of concern that the hospitalization will impact Dr. Glassman's ability to appear for deposition next week.  (It does not affect Dr. Weisfogel's deposition, and Dr. Weisfogel's depo should proceed as we previously agreed.)

I expect to be updated either late today or tomorrow, and after that I would like the chance to speak with you on the phone.  If Dr. Glassman is unable to appear for deposition as agreed next week, I think the Court would expect Defendants to file a formal motion explaining why another extension of the discovery cutoff is warranted.  Notwithstanding any motion that Defendants may need to file, Defendants will provide Plaintiffs with new dates for Dr. Glassman's deposition.

I will get back to shortly when I have more information.

Phil Foster
**Tour-Sarkissian Law Offices, LLP**
211 Gough Street, 3rd Floor
San Francisco, CA  94102
(415) 626-7744
(415) 626-8189 facsimile

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

Please consider the environment before printing this email.

# Exhibit "J"

**Phil Foster**

| | |
|---|---|
| **From:** | Phil Foster |
| **Sent:** | Monday, August 27, 2018 6:25 AM |
| **To:** | 'Matthew Bradford' |
| **Subject:** | Nguyen v. DSM - GLASSMAN |
| **Attachments:** | ASCAN.pdf |

Matt:

Just received the attached physician letter regarding Dr. Glassman.  Do you have some time for a phone call later today?  I have to attend a deposition in an unrelated case, but I expect to be back at my office by 4 PM.  I would like to give you a call then if you are available.  Or I could call you any time tomorrow afternoon if that works better.  Please let me know.

Phil Foster
**Tour-Sarkissian Law Offices, LLP**
211 Gough Street, 3rd Floor
San Francisco, CA  94102
(415) 626-7744
(415) 626-8189 facsimile

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

 Please consider the environment before printing this email.

# OAA

## Orthopaedic Specialists

250 Cetronia Rd.          1241 Blakeslee Blvd. Dr. E          2901 Emrick Blvd.
Allentown, PA             Lehighton, PA 18235                 Bethlehem, PA 18021

phone: 610-973-6200   |   www.oaaortho.com   |   fax: 866-644-0894

**DOCTOR'S NOTE**

Patient          GLASSMAN, BARRY                    D.O.B.          05/30/1947

Date Created: 08/27/2018

To Whom It May Concern:

I am an orthopedic surgeon specializing in joint replacement procedures of the hip and knee, and Dr. Barry Glassman is currently a patient under my care. On December 8, 2017, I performed a total right knee replacement on Dr. Barry Glassman at St. Lukes Hospital, Allentown Campus, in Allentown, Pennsylvania. The post op course was within normal limits. In early August 2018, there was a report of pain and swelling of Dr. Glassman's right knee. An emergency examination with aspiration revealed that the prosthesis had become infected and required immediate removal. On Friday, August 10, 2018, the right knee prosthesis was removed surgically, and Dr. Glassman remained in the hospital and placed on IV antibiotics pending a second surgical procedure that I performed on August 14, 2018 to place a new implant in Dr. Glassman's right knee. Dr. Glassman has now been discharged and is currently homebound and prohibited from travel on my instructions. He remains on an IV as necessary for his 6-week antibiotic program and opiate medication for pain control, under the care of a home nursing staff. I am aware of Dr. Glassman's involvement in a lawsuit in California and the need for him to attend to those proceedings in person. Given Dr. Glassman's current condition, it is my opinion and recommendation that Dr. Glassman remain homebound and under medical care for at a minimum the next 6 weeks and avoid travel and prolonged absences from his home care for the 4-6 weeks thereafter. Please call our office with any questions.

Sincerely,

Electronically Signed by: PAUL F POLLICE MD

PAUL F POLLICE MD

# Exhibit "K"

## Phil Foster

| | |
|---|---|
| **From:** | Phil Foster |
| **Sent:** | Wednesday, August 29, 2018 4:57 PM |
| **To:** | 'Matthew Bradford' |
| **Subject:** | RE: Nguyen v. DSM - GLASSMAN |

Matt:

I have waited until the end of the day to write you back because I was hoping to have heard from Dr. Glassman by now. Unfortunately, my calls and emails this week have yet to be responded to.

What I want to do is obtain dates in mid September for Dr. Glassman to sit for deposition (while not on heavy meds). When I do get dates (I hope tonight or tomorrow), I will give you the dates so Plaintiffs can select a date that works. After that, I will prepare a new stip and order concerning the deposition, with a declaration if necessary to advise the Court about Glassman's injury and pain medication that renders him unfit for deposition.

I have not discussed this with my clients yet, but I think we should discuss moving our mediation date to later in the month. I am not trying to upset your clients or delay things needlessly. It is only because I still think we can settle this case, but there is no way I can do what needs to be done on my end if there is the perception that one of the defendants is getting a "free pass" by not attending mediation and avoiding being called on to contribute to a settlement.

I apologize for the length of this email. Please give me another 24 hours to get back to you with dates for Glassman's depo, and then I would like a quick scheduling call between us to discuss whether Dr. Yang and Dr. Nguyen would consider moving the mediation date so everyone can be present.

Phil Foster
**Tour-Sarkissian Law Offices, LLP**
211 Gough Street, 3rd Floor
San Francisco, CA 94102
(415) 626-7744
(415) 626-8189 facsimile

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication. Any review or distribution by others is strictly prohibited. If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

 Please consider the environment before printing this email.

**From:** Matthew Bradford [mailto:matthew@robinsonbradford.net]
**Sent:** Wednesday, August 29, 2018 12:00 PM
**To:** Phil Foster
**Subject:** Re: Nguyen v. DSM - GLASSMAN

Phil:

What are you going to do about producing Dr. Glassman for deposition?


Matthew C. Bradford, Esq.
Robinson Bradford, LLP
Direct Line: 858.480.6968


On Mon, Aug 27, 2018 at 6:51 AM, Matthew Bradford <matthew@robinsonbradford.net> wrote:
Call me today. I am on standby to start a trial in Roseville.  If I get the call today, I will be on the road when you call.


Matthew C. Bradford, Esq.
Robinson Bradford, LLP
Direct Line: 858.480.6968


On Mon, Aug 27, 2018 at 6:25 AM, Phil Foster <phil@tslo.com> wrote:

Matt:



Just received the attached physician letter regarding Dr. Glassman.  Do you have some time for a phone call later today?  I have to attend a deposition in an unrelated case, but I expect to be back at my office by 4 PM.  I would like to give you a call then if you are available.  Or I could call you any time tomorrow afternoon if that works better.  Please let me know.



Phil Foster

**Tour-Sarkissian Law Offices, LLP**

211 Gough Street, 3rd Floor

San Francisco, CA  94102

(415) 626-7744

(415) 626-8189 facsimile


This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

 Please consider the environment before printing this email.

# Exhibit "L"

**Phil Foster**

| | |
|---|---|
| **From:** | Matthew Bradford |
| **Sent:** | Thursday, August 30, 2018 5:20 PM |
| **To:** | Phil Foster |
| **Subject:** | Re: DSM |

Phil:

Moving the mediation again is going to be a big problem. I don't think that will happen.

I will try to clear Sept 18.   Sept 17 is out of the question with two major hearings.


Matthew C. Bradford, Esq.
Robinson Bradford, LLP
Direct Line: 858.480.6968


On Thu, Aug 30, 2018 at 1:41 PM, Phil Foster <phil@tslo.com> wrote:

Matt:


Does any day on the week of 9/17 work for Plaintiffs to take Dr. Glassman's deposition?  Dr. Glassman will still be on an IV, but the IV is portable and can be brought to the deposition location in Allentown.  Dr. Glassman requests that the depo start at 10 AM or 11 AM Eastern Time, if that is possible.


I am free the entire week of 9/17 with the exception of the morning of 9/19.  But if 9/19 is the only date that works for Plaintiffs, I will find someone to cover for me.


I know you might be in trial at the moment, but please let me know if you have some time to discuss mediation and settlement.


Phil Foster

**Tour-Sarkissian Law Offices, LLP**

211 Gough Street, 3rd Floor

San Francisco, CA  94102

<u>(415)</u> 626-7744

(415) 626-8189 facsimile

This communication constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 USC § 2510 *et seq.*, and its disclosure is strictly limited to the recipient intended by the sender of this message. This communication may contain confidential and privileged material for the sole use of the intended recipient and receipt by anyone other than the intended recipient does not constitute a loss of the confidential or privileged nature of the communication.  Any review or distribution by others is strictly prohibited.  If you are not the intended recipient please contact the sender by return electronic mail or by telephone at 415-626-7744 and destroy the original transmission and its attachments without reading or saving in any manner.

 Please consider the environment before printing this email.